**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**TOMAS VALE VALDIVIA** **PETITIONER**
**Reg #33468-018**

**V.** **No. 2:22-cv-00247-LPR-ERE**

**USA[1]** **RESPONDENT**

# RECOMMENDED DISPOSITION

This Recommendation for dismissal has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

## I. SUMMARY

On November 9, 2022, Tomas Vale Valdivia, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a motion in the United States District Court for the Southern District of Florida, seeking jail credit toward the federal sentence he is currently serving. *Doc. 2*. On December 20, 2022, construing

[1] The proper Respondent is the person who has custody over Petitioner. See 28 U.S.C. § 2242. **Accordingly, the Clerk of the Court is directed to change Respondent to "C. Edge, Acting Warden, FCI – Forrest City."**

Mr. Valdivia's motion as a petition for habeas relief under 28 U.S.C. § 2241, the Southern District of Florida transferred the matter to this Court in accordance with 28 U.S.C. § 1406(a). *Doc. 1*.

For the reasons explained below, Mr. Valdivia's habeas petition should be dismissed, without prejudice, for failure to exhaust his administrative remedies.

## II. BACKGROUND

On August 29, 2019, Mr. Valdivia was charged by complaint in the Southern District of Florida with conspiracy to encourage and induce aliens to come, enter, and reside in the United States, in violation of 8 U.S.C. 1324(a). *United States v. Valdivia*, No. 1:19-cr-20651-KMW, ECF No. 1 (S.D. Fla, Aug. 29, 2019). At that time, Mr. Valdivia was confined in the Lee County, Florida Downtown Jail on state criminal charges. Accordingly, on September 12, 2019, the Southern District of Florida entered a writ of habeas corpus *ad prosequendum*[2] (*Id*., ECF No. 6), and the United States Marshal took temporary physical custody of Mr. Valdivia on September 18, 2019. *Doc. 18-1*, Attach. 6 (filed under seal).

On November 12, 2019, Mr. Valdivia pleaded guilty to the federal conspiracy charge, and on January 28, 2020, the Southern District of Florida sentenced him to

---

[2] The issuance of a writ of habeas corpus *ad prosequendum* did not alter Mr. Valdivia's custody status, and he remained under the primary jurisdiction of the State of Florida. See *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994).

serve 57 months in the Bureau of Prisons ("BOP"). *Id*., ECF Nos. 39, 40.

On March 12, 2020, the United States Marshal returned Mr. Valdivia to the physical custody of the state of Florida. *Doc. 18-1*, Attach. 6 (filed under seal). On June 10, 2020, Mr. Valdivia pleaded guilty to two state charges that had remained pending against him during his time in federal custody. *Doc. 18-1 at 44.* The state court sentenced Mr. Valdivia to 283 days in jail but granted him 283 days of jail credit. *Id. at 46-47*.

On June 26, 2020, Mr. Valdivia was released from state custody, and he entered exclusive, federal custody. *Id. at 2,* Attachs. 10, 6 (filed under seal). After Mr. Valdivia began serving his federal sentence, the BOP awarded him jail credit for two periods of time he spent in custody, which were not applied to his state sentence: (1) June 21, 2019 through August 31, 2019; and (2) June 11, 2020 through June 25, 2020.[3] *Id. at 52-54*.

On November 9, 2022, Mr. Valdivia filed a motion through counsel in the Southern District of Florida, seeking additional jail credit toward his federal sentence. Mr. Valdivia argues that he is entitled to "an additional 150 days of credit time served . . . from August 31, 2019, the date of the [f]ederal [h]old . . . until . . . sentencing on January 28, 2022." *Doc. 2 at 1*.

[3] A federal prisoner is not entitled to credit on a federal sentence for time spent in service of a state sentence. 18 U.S.C. § 3585(b); *U.S. v. Kramer,* 12 F.3d 130, 132 (8th Cir.1993).

On December 20, 2022, the Southern District of Florida correctly recognized Mr. Valdivia's motion as a petition for habeas relief under 28 U.S.C. § 2241 and transferred the petition to this District, the district of incarceration. *Doc. 1*.

On March 1, 2023, Respondent filed a response, asserting that the Court should dismiss the petition because Mr. Valdivia failed to exhaust his administrative remedies before filing the petition and, alternatively, that Mr. Valdivia is not entitled to any additional jail credit. *Doc. 18*.

On March 28, Mr. Valdivia filed a reply, maintaining his argument that he is entitled to an additional 150 days of jail credit. Alternatively, Mr. Valdivia argues that even if the State of Florida retained primary jurisdiction over him from September 12, 2019 through March 12, 2020, he is still entitled to an additional 16 days of jail credit from June 10, 2020 (when the state court sentenced him to time served) through June 26, 2020 (when he entered exclusive federal custody). *Doc. 24 at 1*.

On March 20, 2023, Respondent filed a surreply, noting that the BOP has awarded Mr. Valdivia sentencing credit for the period from June 11, 2020 through June 25, 2020. *Doc. 26 at 2.*

The BOP website, as of May 30, 2023, shows that Mr. Valdivia has a projected release date of May 23, 2024.[4]

[4] See www.bop.gov/inmateloc/ (last accessed May 30, 2023).

## III. DISCUSSION

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). Although this judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, see *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), it serves several purposes, including:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses

the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

Here, Mr. Valdivia does not dispute that he failed to take *any* steps toward an administrative remedy before seeking federal habeas relief; nor does he argue that the exhaustion requirement should be excused in his case.[5]

Exhaustion serves a vital role, especially in this context. The Attorney General, through the BOP, is statutorily charged with computing a defendant's sentencing credit after the defendant begins serving his sentence.[6] *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *see also United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); 18 U.S.C. § 3585(b). If an inmate disagrees with any aspect of the BOP's sentence computation, the proper avenue for relief is administratively through the BOP, *followed* by judicial review under 28 U.S.C. § 2241. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citations omitted) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if

[5] The Eighth Circuit has recognized that federal courts may craft exceptions to judicially created exhaustion requirements "'where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the ... administrative agency below.'" *Frango v. Gonzales*, 437 F.3d 726, 728–29 (8th Cir. 2006) (quoting *Hormel v. Helvering,* 312 U.S. 552, 557 (1941)). Again, Mr. Valdivia does not argue that it would have been futile for him to exhaust his administrative remedies before seeking federal habeas relief or that he was prevented from doing so. In fact, Mr. Valdivia fails to address the exhaustion issue in any respect.

[6] A federal sentencing court often does not know when a defendant will begin his sentence. In Mr. Valdivia's case for example, the Southern District of Florida did not know at sentencing when Mr. Valdivia's state court proceedings would conclude.

he first presents his claim to the BOP."). If an inmate could proceed to court before allowing the BOP to address a jail credit issue, the authority expressly provided to the BOP would be usurped and the Court would be left to determine, in the first instance, an issue within the BOP's unique purview.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Tomas Vale Valdivia's petition for writ of habeas corpus (*Doc. 2*) be dismissed, without prejudice.

Dated 31 May 2023.

UNITED STATES MAGISTRATE JUDGE